# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| FRANCHERYL LATRICE UNDERWOOD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 2:15-cv-02173-JHE |
| ) | |
| TYRONE POLK, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER[1]

Plaintiff Francheryl Latrice Underwood initiated this action in the Circuit Court of Jefferson County, Alabama, against Defendants Tyrone Polk, the City of Birmingham ("the City"), and the City of Birmingham Police Department ("the BPD"), asserting a claim under 42 U.S.C. § 1983 for violation of the Fourth and Fourteenth Amendments and claims for malicious prosecution; false arrest; abuse of process; negligence; wantonness; negligent or wanton hiring, training, and supervision; assault and battery; and excessive force.  (Doc. 1-1 at 8-23).  On November 30, 2015, the three defendants removed the case to this Court.  (Doc. 1).  The next day, Polk answered, and the City moved to dismiss the BPD and for partial dismissal of the claims against itself.  (Docs. 3, 4, & 5).  Underwood responded in opposition, (doc. 9); the City replied, (doc. 10); and Underwood filed a sur-reply, (doc. 11).  The motions are fully briefed and ripe for review.  For the reasons stated more fully below, the City's motion to dismiss the BPD is **GRANTED**, and the City's motion for partial dismissal is **GRANTED IN PART and DENIED IN PART**.

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties have voluntarily consented to have a United States Magistrate Judge conduct any and all proceedings, including trial and the entry of final judgment.  (Doc. 16).

## I. Standard of Review

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007)). Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (citations and internal quotation marks omitted). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 557, 127 S. Ct. 1955). Additionally, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when a complaint fails to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (citations and internal quotation marks omitted). A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The complaint must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965 ("Factual allegations must be enough to raise a right to relief above the speculative level."). Ultimately, this inquiry is a "context-specific task that requires the

reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679, 129 S. Ct. at 1950.

The court accepts all factual allegations as true on a motion to dismiss under Rule 12(b)(6). *See, e.g.*, *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000). However, legal conclusions unsupported by factual allegations are not entitled to that assumption of truth. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1950.

## II. Analysis

### A. The BPD's Motion to Dismiss

The City moves to dismiss all claims against the BPD on the grounds it is not a separate legal entity or agency operating under the authority and control of the City but is merely an administrative division or department, which is not subject to suit in its own capacity.  (Doc. 4). Underwood does not respond to these arguments.  (*See* doc. 9) (referring only to "Defendant City of Birmingham's Motion to Dismiss Counts in Plaintiff's Complaint" and failing to respond to the arguments about the BPD).

This failure alone is sufficient to warrant dismissal for abandonment.  *See See Coalition for the Abolition of Marijuana Prohibition v. City of Atlanta*, 219 F.3d 1301, 1326 (11th Cir. 2000) ("The appellants' failure to brief and argue this issue during the proceedings before the district court is grounds for finding that the issue has been abandoned."); *Bush v. J.P. Morgan Chase Bank, N.A.*, No. 2:15-CV-00769-JEO, 2016 WL 324993, at *6 (N.D. Ala. Jan. 27, 2016); *Boyd v. Daniels*, No. 2:13-CV-354-MEF, 2014 WL 1245885, at *3 (M.D. Ala. Mar. 24, 2014) (dismissing claims on motion to dismiss for failure to respond); *Joseph ex rel. Joseph v. Allen*, No. CV-13-S-695-NE, 2013 WL 3712334, at *5 (N.D. Ala. July 12, 2013) (dismissing claims on motion to dismiss for failure to respond); *Hooper v. City of Montgomery*, 482 F. Supp. 2d 1330,

1334 (M.D. Ala. 2007) (same) (citing *Resolution Trust Corp. v. Dunmar Corp.,* 43 F.3d 587, 599 (11th Cir. 1995) (dismissing undefended claims on summary judgment)); *Hudson v. Norfolk S. Ry. Co.*, 209 F. Supp. 2d 1301, 1324 (N.D. Ga. 2001) ("When a party fails to respond to an argument or otherwise address a claim, the Court deems such argument or claim abandoned.").

In any event, the City is also correct in asserting the BPD is not separately subject to suit. The Eleventh Circuit has previously acknowledged that "police departments are not usually considered legal entities subject to suit," *Dean v. Barber,* 951 F.2d 1210, 1214 (11th Cir. 1992), and the Alabama Supreme Court implicitly approved the City of Montgomery responding on behalf of the Montgomery Police Department, when it simply noted that fact and stated:

> Generally, the departments and subordinate entities of municipalities, counties, and towns that are not separate legal entities or bodies do not have the capacity to sue or be sued in the absence of specific statutory authority. Among subordinate entities generally lacking the capacity to sue or be sued separately are police departments.

*Ex parte Dixon*, 55 So. 3d 1171, 1172 n.1 (Ala. 2010) (quoting 56 Am. Jur. 2d *Municipal Corporations* § 787 (2000)) (internal quotation marks and ellipses omitted). Accordingly, the claims against the BPD are **DISMISSED**.

**B. The City's Motion for Partial Dismissal**

The City also moves on two grounds for dismissal of certain counts against it: (1) that Underwood did not file a notice of claim with the clerk within the time allowed by statute, and (2) vicarious liability against municipalities is limited to negligence-based claims only. (Doc. 5).

**1. Notice of Claim**

The City contends Ala. Code §§ 11-47-23 and 11-47-192 require a notice of claim be filed with the "clerk" within a certain period of time or the plaintiff's claims are barred. (Doc. 5 at 1-2). It asserts Underwood did not file a notice of claim within the six months

required by the statutes for tort claims. (*Id.* at 3). Underwood contends she filed her notice of claim on April 24, 2014, (doc. 9 at 1 & 4-5), and the City responds that she actually filed her notice with the municipal court, which is the wrong city department, so it was not, in fact, filed within the six months allowed, (doc. 10 at 2). In response, Underwood asserts her notice "is clearly addressed to the City Clerk of the City of Birmingham" and "the stamp accepting the Notice of Claim referenc[ing] the 'Birmingham Municipal Court' . . . is not dispositive of the issue." (Doc. 11 at 1). She does not then say what is dispositive of the issue. Lastly, she also contends § 1983 claims are not subject to a State's notice-of-claim statutes. (*Id.* at 1).

First, whether a § 1983 claim is subject to the notice-of-claim statutes is a non-issue because the City does not seek to have the § 1983 claims dismissed in its motion. (*See* doc. 5 at 3) (seeking to dismiss only Counts II- VIII).

Regardless, the issue of whether a notice of claim was filed is not properly considered on a motion to dismiss. The notice-of-claim statutes under Ala. Code §§ 11-47-23 and 11-47-192 are not statutes of limitation but of non-claims. *City of Birmingham v. Davis*, 613 So. 2d 1222, 1224 (Ala. 1992). This means compliance with them need not be alleged in the complaint. *See Hamilton v. Anniston*, 109 So. 2d 728, 732 (1959) (holding compliance with non-claims statutes "need not be averred in the complaint"); *Maise v. Gadsden*, 166 So. 795, 796 (1936) (holding that non-claims statutes "have been construed as not requiring an affirmative averment of compliance in the complaint"); *Huntsville v. Goodenrath*, 68 So. 676, 679 (1915) (holding that "it was not necessary for the complaint in this case to allege a filing of a statement of the demand sued on with the city authorities before bringing suit"). "Rather than being a threshold jurisdictional matter or component of plaintiff's tort claim against a municipality, the non-claims statutes provide a municipal defense to such claims. Thus, the question of whether plaintiff

complied with the non-claims statute is a matter to be decided at summary judgment, but not on a motion to dismiss." *Crutcher v. Vickers*, No. CV-10-S-01176-NE, 2012 WL 3860557, at *7 (N.D. Ala. Sept. 5, 2012). Because the notice-of-claim defense must be proven or disproven on the evidence instead of the face of the pleadings, the City's motion to dismiss Counts II-VIII on this ground is **DENIED**.[2]

### 2. Municipal Vicarious Liability Limitation

The City next contends Ala. Code § 11-47-190 limits vicarious liability of municipalities to negligence of employees acting in the line of their duties and, therefore, all of the counts requiring intentional or reckless conduct are barred. (Doc. 5 at 3-5). Underwood responds that she has pled facts to support negligence, she does not have the information necessary to properly respond until discovery has been conducted, and immunity under § 11-47-190 cannot be determined on the face of the complaint. (Doc. 11 at 1-2).

The City is correct that, under Alabama law, "a city is liable for negligent acts of its employees within the scope of their employment, but not intentional torts of its employees." *Brown v. City of Huntsville, Ala.*, 608 F.3d 724, 743 (11th Cir. 2010) (citing, *inter alia*, Ala. Code § 11-47-190; *Ex parte City of Gadsden,* 718 So. 2d 716, 721 (Ala. 1998) ("Section 11-47-190 . . . absolves a city from liability for an intentional tort committed by one of its agents . . . .")). However, the City's request for dismissal sweeps too broadly because the Alabama Supreme Court has held "in the context of claims for assault and battery, false imprisonment and false arrest, that 'where a plaintiff alleges a factual pattern that demonstrates

---

[2] Underwood included a copy of the notice with her response, (doc. 9 at 4-5), but, because it is not "central to the plaintiff's claim," the Court may not consider it on a Rule 12(b)(6) motion without converting the motion to one for summary judgment. *See Day v. Taylor*, 400 F.3d 1272, 1275-76 (11th Cir. 2005). Neither party has requested such conversion, and, in light of the as-yet-unaddressed factual issues surrounding the document, the Court finds conversion is not appropriate at this time.

"neglect, carelessness, or unskillfulness" the plaintiff has stated a cause of action under Ala. Code § 11-47-190.'" *Borders v. City of Huntsville*, 875 So. 2d 1168, 1183 (Ala. 2003) (quoting *Franklin v. City of Huntsville*, 670 So. 2d 848, 852 (Ala. 1995)).

While Underwood alleges claims requiring wanton or malicious conduct, she has also alternatively alleged negligence-based claims. (Doc. 1-1 at 14-23). The City has not argued how any of the claims that could be supported by either negligence or wantonness and malice have been solely alleged to be wanton or malicious. (*See* doc. 5 at 3-5; doc. 10 at 2-3). As a result, only the claims the City seeks to dismiss that *require* intent greater than negligence are due to be **DISMISSED**, *i.e.*, Count II for malicious prosecution, *see Franklin*, 670 So. 2d at 852 (holding municipalities immune from such claims); Count IV for abuse of process, *see Willis v. Parker*, 814 So. 2d 857, 865 (Ala. 2001) (requiring a showing of malice); and Count VI for wantonness and Count VII to the extent it asserts wanton hiring, training, and supervision, *see Norris v. City of Montgomery*, 821 So. 2d 149, 157 (Ala. 2001) (noting wantonness claims against a municipality are precluded by § 11-47-190).

The claims the City seeks to dismiss that may be established on a showing of negligence or unskillfulness will not be dismissed at this time, *i.e.*, Count III for false arrest, *see Franklin*, 670 So. 2d at 852 (reversing dismissal of false-arrest claim based on negligence); and Count VIII for assault and battery, *see id.* (finding an assault-and-battery claim against a police officer based on excessive force "is the equivalent of asserting an assault and battery not measured or patterned for the circumstances, or an unskilled response" and "[a]n assault and battery committed under either circumstance, because 'unskilled,' would be a negligent assault and battery because it would fall below that response which a skilled or proficient officer would

exercise in similar circumstances") (quoting *City of Birmingham v. Thompson,* 404 So. 2d 589, 592 (Ala. 1981)).

### III. Conclusion

Based on the foregoing, it is **ORDERED**:

1. The City's motion to dismiss the BPD, (doc. 4), is **GRANTED**, and all claims against the BPD are **DISMISSED** as against an entity not subject to suit;

2. The City's motion to dismiss certain counts of Underwood's complaint, (doc. 5), is **GRANTED IN PART and DENIED IN PART**.  Specifically, Count II for malicious prosecution, Count IV for abuse of process, Count VI for wantonness, and Count VII to the extent it asserts wanton hiring, training, and supervision are **DISMISSED** as failing to state a claim under Ala. Code § 11-47-190.  The remaining counts remain pending.

DONE this 19th day of August 2016.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE